**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ISIDRO RIOS-TAPIA,

    Defendant-Appellant.

No. 11-4068

(D.C. No. 2:10-CV-01149-TS and
2:08-CR-00141-TS-2)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

Isidro Rios-Tapia seeks a certificate of appealability (COA) pursuant to 28

U.S.C. § 2253(c)(1) in order to challenge the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside or correct sentence. Because Rios-

Tapia has failed to satisfy the standards for the issuance of a COA, we deny his

request and dismiss the matter.

I

Rios-Tapia was indicted on March 12, 2008, on a single count of

possession of methamphetamine with intent to distribute, in violation of 21 U.S.C.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

§ 841(a)(1) and (b)(1)(A).  On September 17, 2009, Rios-Tapia, represented by counsel, entered a plea of guilty to the single count charged in the indictment.  On April 5, 2010, the district court sentenced Rios-Tapia to a term of imprisonment of 120 months, the statutory mandatory minimum sentence applicable to his offense.  Rios-Tapia did not file a direct appeal.

On November 18, 2010, Rios-Tapia filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  In that motion, Rios-Tapia asserted "that his counsel rendered ineffective assistance during the [district court] proceedings . . . ."  ROA, Vol. 1 at 30.  To begin with, Rios-Tapia asserted, his "[c]ounsel misinformed [him prior to entry of his guilty plea] about his qualification for the 'Safety Valve' even though counsel had all the information regarding [his] prior conviction."[1]  Id. at 22.  "Alternatively," Rios-Tapia argued that his counsel erroneously predicted that Rios-Tapia "would get a sentence between 4 and 7 years," id. at 25, and "by predicting a lower sentence that was not allowed by statute," prevented Rios-Tapia from "reach[ing] or negotiat[ing] a different type of plea agreement with the government."  Id. at 22.  In addition, Rios-Tapia alleged that, after he was sentenced, his counsel misled him regarding the availability of "a sentence reduction based on an alleged 'Rule 16,'" and

---

[1] More specifically, Rios-Tapia alleged that his "counsel told him that he qualified for what [counsel] called the 'safety valve,' and because of that, [Rios-Tapia]'s sentence most likely would be 7 years."  ROA, Vol. 1 at 28 (emphasis in original).

misled him "and his sister regarding [his] sentence and time to be served." Id. at 31.

On March 21, 2011, the district court issued a memorandum decision and order denying Rios-Tapia's motion. In doing so, the district court rejected on the merits Rios-Tapia's arguments that his counsel was ineffective for allegedly misinforming him as to (a) the availability of safety valve relief, and (b) the likely length of his sentence. Further, the district court concluded that Rios-Tapia's remaining two claims of ineffective assistance "ha[d] been waived by [Rios-Tapia] based on the collateral appeal waiver contained in his plea agreement." Id. at 70.

On April 11, 2011, Rios-Tapia filed a notice of appeal. Rios-Tapia has since filed with this court a pleading entitled "Petitioner's Memorandum of Law in Support of Preliminary Informal Brief," which we construe as his opening brief and application for COA.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, the denial of a § 2255 motion may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(2). In turn, a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. To make that showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that

3

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Notably, Rios-Tapia makes no attempt to satisfy these standards. Indeed, Rios-Tapia makes no mention in his opening brief of any of his original claims of ineffective assistance of counsel. Instead, he asserts in his opening brief a host of new issues: (1) the district court "failed to properly advise [him] of his constitutional and Rule 11 rights," Aplt. Br. at 11; (2) he entered into an invalid waiver of his right to appeal his sentence, id. at 34; (3) the government's evidence was insufficient as a matter of law to convict him, id. at 36; (4) the indictment was defective and insufficient for several reasons, id. at 41; (5) the sentence imposed by the district court was greater than necessary to effectuate the goals of 18 U.S.C. § 3553(a), id. at 45; and (6) his "eneligibility [sic] for minimum security confinement, drug program, and prerelease custody as a result of his status as a deportable alien constituted significant mitigating factors that should have been considered by the [district] court," id. at 54.

Given Rios-Tapia's sole focus on these newly asserted issues, we conclude he has failed to establish his entitlement to a COA on any of the ineffective assistance of counsel claims that were asserted below in his § 2255 motion. Moreover, having conducted our own independent review of the record in general,

4

and the district court's memorandum decision and order in particular, we are not persuaded that reasonable jurists could debate whether Rios-Tapia's § 2255 motion should have been resolved in a different manner or that the issues raised therein were adequate to deserve encouragement to proceed further.

The request for a COA is DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Chief Judge